01

02

03

04

05

06

07                           UNITED STATES DISTRICT COURT
                             WESTERN DISTRICT OF WASHINGTON
08                                      AT SEATTLE

09   JAMES MICHAEL DENSMORE,

10                           Plaintiff,                Case No.   C12-1444-RSM-MAT

11          v.
                                                      REPORT AND RECOMMENDATION
12   SNOHOMISH COUNTY, *et al*.,

13                           Defendants.

14

15                    INTRODUCTION AND SUMMARY CONCLUSION

16          This is a civil rights action proceeding under 42 U.S.C. § 1983.  Plaintiff originally

17   filed this action in Snohomish County Superior Court and defendants removed the action to this

18   Court.   Plaintiff moves to remand the action to the Superior Court.   Defendants oppose

19   plaintiff's motion.   Because it is clear from plaintiff's complaint that he has not adequately

20   alleged any federal constitutional violation, plaintiff's federal claims should be dismissed and

21   this action should be remanded to the Superior Court for disposition of plaintiff's state law

22   claims.

REPORT AND RECOMMENDATION
PAGE - 1

01                                DISCUSSION

02          In July 2012, plaintiff James Densmore filed a complaint in Snohomish County

03    Superior Court in which he alleges that Snohomish County sheriff's deputies and a Lake

04    Stevens police detective failed to properly respond to reports that plaintiff's car had been stolen

05    resulting in the permanent loss of the vehicle.[1]   (*See* Dkt. No. 2 at 5-13.)   Plaintiff alleges three

06    causes of action in his complaint:   (1) negligence; (2) dereliction of duty; and, (3) unlawful

07    conversion.   (*See id*.)   Within those three causes of action, plaintiff alleged violations of both

08    state and federal law.   (*See id*.)

09          In August 2012, defendants City of Lake Stevens and Lake Stevens Police Detective

10    Jeffrey Lambier removed the action to this Court on the grounds that plaintiff was seeking

11    damages for deprivations of his federal constitutional rights and that jurisdiction was therefore

12    appropriate in this Court under 42 U.S.C. §§ 1983 and 1988.   (Dkt. No. 1.)   Plaintiff now

13    moves to remand the matter back to the Superior Court, noting that "This case is about the loss

14    of property, an automobile.   And the negligence of the police in handling the case."   (Dkt. No.

15    10-2 at 2.)   The Lake Stevens defendants and the Snohomish County defendants oppose

16    plaintiff's motion for remand.   (Dkt. Nos. 11 and 12.)   Defendants argue that the case was

17    properly removed to this Court and that this Court has no discretion to remand the case because

18    jurisdiction over the subject matter of the action exists and was properly invoked.   (*See id*.)

19          While this matter was removed to this Court because plaintiff alleged in his complaint

20    violations of his federal constitutional rights, a review of the complaint reveals that plaintiff has

21          [1]   Plaintiff identified as defendants in this action Snohomish County, the Snohomish County Sheriff's
      Office, and various employees of the Snohomish County Sheriff's Office.   Plaintiff also identified as defendants
22    in this action the City of Lake Stevens, the Lake Stevens Police Department, and Lake Stevens Police Detective
      Jeffrey Lambier.

REPORT AND RECOMMENDATION
PAGE - 2

01   not adequately allege any cause of action under § 1983.   In order to set forth a *prima facie* case

02   under § 1983, a plaintiff must establish a deprivation of a federally protected right.   *Baker v.*

03   *McCollan*, 443 U.S. 137, 140 (1979).   The facts set forth by plaintiff in his complaint are

04   insufficient to establish a deprivation of any federally protected right.

05        Plaintiff alleges in his first and third causes of action that his federal constitutional rights

06   were violated when defendants caused him to be deprived of his personal property without due

07   process of law.   Where a state employee's random, unauthorized act deprives an individual of

08   property, either negligently or intentionally, the individual is relegated to his state

09   post-deprivation process, so long as the state provides an adequate post-deprivation remedy.

10   *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 540-41 (1981),

11   *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).

12        Washington State provides a post-deprivation remedy for the alleged tortious conduct

13   of city and county employees under RCW 4.96.   Plaintiff does not allege any due process

14   inadequacy in the tort remedy provided under RCW 4.96.   Thus, plaintiff has not alleged a

15   viable federal due process claim with respect to the loss of his personal property.

16        Plaintiff also alleges in his first cause of action that in addition to violating his due

17   process rights, defendants "were negligent in violating the 'Equal Protection Clause' of the

18   Fourteenth Amendment of the United States Constitution."   In order to establish an equal

19   protection claim under § 1983, a plaintiff must show that the defendants acted with an intent or

20   purpose to discriminate against him based upon membership in a protected class.   *Barren v.*

21   *Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).   Plaintiff does not allege any facts in his

22   complaint which would support an equal protection claim.   And, in fact, plaintiff's allegation

REPORT AND RECOMMENDATION
PAGE - 3

01 that defendants acted negligently actually undermines any such claim.   Accordingly, plaintiff

02 has not alleged a viable equal protection claim.

03                                                    CONCLUSION

04          Because the facts alleged by plaintiff in his complaint do not implicate federal

05 constitutional concerns, and because it does not appear likely that the deficiencies in plaintiff's

06 federal constitutional claims would likely be cured by amendment, this Court recommends that

07 plaintiff's federal constitutional claims be dismissed pursuant to 28 U.S.C. § 1915A.   This

08 Court further recommends that supplemental jurisdiction over plaintiff's remaining state law

09 claims be declined and that this case be remanded to the Snohomish County Superior Court for

10 disposition of those claims.   A proposed order accompanies this Report and Recommendation.

11          DATED this 27th day of December, 2012.

12

13                                                        _____
                                                          Mary Alice Theiler
14                                                        United States Magistrate Judge

15

16

17

18

19

20

21

22

REPORT AND RECOMMENDATION
PAGE - 4